MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion which concludes that the PSC rate structure order should be reinstated. The terminology in this case is difficult to understand, and I have been tempted to affirm the PSC because it has the duty to analyze these complex theories and its *384 conclusions are entitled to respectful consideration. However, as I again review the findings and conclusions of the District Court, I conclude that the PSC orders are significantly deficient.
I support the legal analysis of the majority opinion with regard to the substantial credible evidence rule and approval of an agency’s findings and conclusions where sufficiently supported by a reasoned opinion. It is in the application of these rules that I dissent.
In addition, as pointed out by the District Court, because this is also a rule-making case, Section 2-4-305(1), MCA (Montana Administrative Procedure Act) also applies. That subsection states in part:
“Upon adoption of a rule, an agency shall issue a concise statement of the principal reasons for and against its adoption, incorporating therein its reasons for overruling the considerations urged against its adoption.” (Emphasis added.)
I conclude there is a failure to meet the requirement of that statute as well as the reasoned opinion requirement of Section 2-4-623(3), MCA. State, Etc. v. Board of Natural Resources (Mont. 1982), [200 Mont. 11,] 648 P.2d 734, 750, 39 St.Rep. 1238, 1256.
Finding of Fact No. 6 of the District Court described the major change in adopting marginal cost pricing:
“All parties further admit the adoption of marginal cost pricing represented a major departure from PSC’s traditional utility rate structure, which in the long past has been based upon ‘embedded’ or average costs; except this is ... a substantial change in the existing PSC policy governing the allocation of MPC’s revenue requirements and the price to be charged for a unit of electric utility service.
“The administrative case below was a lengthy and complicated one. It has scores of experts with their testimony, with direct, before and rebuttal. It is of great volume; many ranchers testified; the case was hotly contested and as it turned out, was a case in which major structure changes *385 were made in the rate charges.”
The District Court concluded that there had been a failure to address the principle reasons for and against the adoption as required under Section 2-4-305(1), MCA and under the statute. As a result the District Court stated:
“Order 4714d does not satisfy the general requirements of a reasoned decision as required by law that an agency must clearly articulate its findings and give supporting reasons to allow a reviewing Court to understand what its decision means and therefore understand it and then rule.”
The majority opinion concludes there has been an adequate summary of the testimony and reasons and cites the following quoted portion of the PSC order for that conclusion:
“The proper prescription is marginal costing where the consumer faces the economic cost consequences of consumption. All parties agree that cost causation should be the basis in ratemaking. The Commission fails to see any analytical correlation between the economic costs incurred to provide service and the embedded accounting costs — either on an individual customer bases or on a collective class basis.
“[A]bsent a marginal cost study there is simply no cost basis for establishing class and customer price signals.” Order No. 4714d, Finding Nos. 20, 22.
As I reread that explanation, it tells me very little. It fails to give any explanation as to why the traditional rate structure which was acceptable for so many years is no longer adequate. It fails to address the significant arguments against as well as in support of the marginal cost theory. In substance, it fails to meet the requirements of Section 2-4-305(1), MCA in that none of the principal reasons for and against the adoption and particular reasons for overruling the considerations urged against adoption are addressed in any significant manner. I am left to guess as to the reasons which caused the PSC to rule as it did.
In her brief, the counsel for the PSC stated:
*386 “However, if the language contained in the order contains too much jargon to convey that conclusion to this court, the Commission recognizes that it is obligated to provide an explanation that is sufficiently clear, and stands ready to do so.”
I would accept this suggestion on the part of the PSC, reverse the District Court, and return the case to the PSC for the preparation of orders sufficient in terms to constitute a reasoned decision, properly reviewable by this Court. We unhesitatingly reverse the district courts for their failure to set out sufficient reasons to allow our review of their decisions. We should do the same here.